IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. RIDDLE                                                                                    PLAINTIFF

v.                                    CIVIL NO. 04-3063

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff David A. Riddle brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of the Social Security Administration (Commissioner) calculation of supplemental security income (SSI) payments. He also seeks review of the Commissioner's denial of period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).

**Procedural Background:**

Plaintiff protectively filed an application for SSI on March 8, 1999, alleging an inability to work since January 1, 1998. (Tr. 74-77). Plaintiff's application was denied at the initial and reconsideration levels. (Tr. 23-26). On February 13, 2002, the Appeals Council vacated an ALJ's May 5, 2000, unfavorable decisions. (Tr. 28-44, 69-72). A fully favorable ALJ decision was issued on May 21, 2002. (Tr. 295-304). The ALJ found plaintiff had been under a disability, as defined by the Act, since March 8, 1999. (Tr. 302-303).

On August 8, 2002, plaintiff filed a "request for reconsideration" of the award for SSI. (Tr. 305). Plaintiff indicated that he was receiving insufficient monthly and back pay benefits and

that unearned income shown for his wife was inaccurate. A January 23, 2003, "Notification of Reconsideration" indicated plaintiff's claim was reviewed, by someone other than the person who made the initial determination concerning his SSI back pay and monthly benefits, and that the decision was correct. (Tr. 308).

On February 2003, plaintiff filed a request for a hearing. Plaintiff indicated that he was receiving insufficient monthly and back pay benefits and that he had additional earnings not yet verified by the administration. (Tr. 311). Plaintiff was represented by an attorney at an August 27, 2003, hearing at which plaintiff and his wife testified. (Tr. 540-569).

In a written decision dated April 1, 2004, the ALJ found plaintiff was entitled to SSI payments based on his disability and an application filed on March 8, 1999. (Tr. 19). The ALJ found plaintiff had provided no evidence that he was not being paid correctly or that his SSI payments had been miscalculated. (Tr. 20). For DIB purposes, the ALJ found plaintiff met the special disability insured status requirements on December 31, 1994. (Tr. 19). The ALJ found plaintiff provided no evidence that the earnings posted to his earnings record are incorrect or that he was entitled to DIB. (Tr. 19-20).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on July 29, 2004. (Tr. 8-10). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties were afforded the opportunity to file an appeal brief; however, only defendant chose to do so. (Doc. # 7). This case is before the undersigned pursuant to the consent of the parties.

AO72A
(Rev. 8/82)

**Evidence Presented:**

At the administrative hearing before the ALJ on August 27, 2003, plaintiff's counsel indicated that plaintiff contends his SSI payments are not correct and that he should also be reviewing DIB. (Tr. 544). Plaintiff introduced his tax statements for the years 1989, 1990, 1990, and 1993. (Tr. 545, 434-489). Plaintiff agreed with the ALJ that his onset dated was March 8, 1999. (Tr. 545).

There is also testimony from plaintiff and his wife regarding his medical condition, daily activities and past work. (Tr. 545-568).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

AO72A
(Rev. 8/82)

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

**Discussion:**

We will first address plaintiff's contention that he should be receiving DIB benefits. In the present case, plaintiff applied for SSI benefits on March 8, 1999. In a favorable decision dated May 21, 2002, an ALJ found plaintiff was entitled to SSI benefits as of March 8, 1999. At the administrative hearing, plaintiff stated that he should be receiving DIB, as well as, SSI and provided income tax statements to provide information regarding his income.[1] Furthermore, after reviewing the record, we are unable to find any documentation revealing that plaintiff in fact applied for DIB. Even if this application for DIB could be found, plaintiff was not eligible for

---

[1]The Act provides that after a time limitation of three years, three months and fifteen days has expired, the absence of an entry in the SSA's earnings records as to wages alleged to have been paid by an employer is presumptive evidence that no such alleges wages were paid. 42 U.S.C. §§ 405(c)(1)(B) and 405(c)(4)(B). With regard to self-employment income, once the time limitation has expired the absence in the earnings record is generally conclusive, unless a tax return of self employment income was filed before the expiration of the time limits. 42 U.S.C. § 405(c)(4)(c). Plaintiff did not provide information to show earnings were erroneously placed under his wife instead of himself.

DIB in March of 1999, when he has found to be eligible for SSI, because he did not meet the insured status requirements.[2]

Plaintiff also alleges that his SSI back payments and monthly payments were miscalculated. Plaintiff failed to provide any evidence showing that the administration miscalculated his back pay or monthly payments. Based on the current evidence of record, we find substantial evidence supporting the ALJ's determination that plaintiff's SSI payments were properly calculated.

**Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed. The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

DATED this 27th day of October 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

---

[2] In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 1994. (Tr. 18). In order for plaintiff to qualify for disability benefits he must prove that, on or before the expiration of his insured status he was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984). The medical evidence of plaintiff's condition subsequent to the expiration of plaintiff's insured status is relevant only to the extent it helps establish plaintiff's condition before the expiration. *Id. at* 1169.

AO72A
(Rev. 8/82)